Your name: Brett Wagers

Address: 1026 77th St. E.

Ely, NV 89301

Phone Number: 702-335-2642

E-mail Address: brett.wagers@gmail.com

Pro se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Brett Wagers

Plaintiff,

vs.

KGHM Polska Miedz

Case Number: 3:25–cv–00432-CLB

**FIRST AMENDED COMPLAINT**

DEMAND FOR A JURY TRIAL

Yes ☒          No ☐

**JURISDICTION**

*[Usually only two types of cases can be filled in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.]*

     1. My case belongs in federal court

     ☒ under federal question jurisdiction because it involves a federal law or right.

*[Which federal law or right is involved?]* Civil Rights Act of 1964, Title VII (Whistleblower Retaliation)

     ☐ under diversity jurisdiction because none of the plaintiffs live in the same state as any of the defendants and the amount of damages is more than $75,000.

**VENUE**

*[Nevada is one "judicial district." Check the box for each venue option that applies.]*

2.    Venue is appropriate in this Court because:

⊠ a substantial part of the events I am suing about happened in this district.

☐ a substantial part of the property I am suing about is located in this district.

☐ I am suing the U.S. government, federal agency, or federal official in his or her

official capacity <u>and</u> I live in this district.

☐ at least one defendant is located in this District and any other defendants are

located in California.

**INTRADISTRICT ASSIGNMENT**

*[This District has two unofficial divisions. One is the "Northern Division" covering northern Nevada including Carson City, Churchill, Douglas, Elko, Eureka, Humboldt, Lander, Lyon, Mineral, Pershing, Storey, Washoe, and White Pine counties at the courthouse in Reno. One is the "Southern Division" covering southern Nevada including Clark, Esmeralda, Lincoln, and Nye counties at the courthouse in Las Vegas.]*

3.    Because this lawsuit arose in _____ White Pine _____ County, it should be assigned to the _____ Northern _____ Division of this Court.

**PARTIES**

4. Plaintiff. *[Write your name, address, and phone number. Add a page for additional info]*

Name:    Brett Wagers

Address:    1026 77th St. E., Ely, Nevada 89301

Telephone:    702-335-2642

5. Defendants. *[Write each defendant's full name, address, and phone number.]*

Name:    KGHM Polska Miedz

Address:    ul. M. Skłodowskiej-Curie 48 59-301 Lubin, Poland

Telephone:    +48 76 74 78 200

Name:

Address:

Telephone:

Name:

Address:

Telephone:

Name:

Address:

Telephone:

## STATEMENT OF FACTS

*[Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.]*

6. **Introduction:** Plaintiff, Brett Wagers, is a resident of Ely, Nevada. I worked for Robinson Nevada Mining Company, which is a subsidiary of KGHM Polska Miedz, from January 2011 – July 27th, 2023. Prior to my wrongful termination with the company, I was a Senior Geologist w/ leadership responsibility. My responsibilities were pivotal for the profitability of the mine. I had submitted a charge of discrimination against Robinson Nevada Mining Company. After the charge had been filed, I submitted an anonymous post termination complaint to KGHM Polska Miedz's whistleblower hotline and explicitly requested protections for my identity. KGHM responded by not doing a good faith investigation and retaliated against me. Robinson Nevada Mining Company is a wholly owned subsidiary of KGHM Polska Miedz and the whistleblower hotline details that activities within subsidiaries can be submitted via their hotline.

7. **Timeline of Pertinent Facts:**

    **a.**    July 23, 2023 – I wrote a whistleblower document to the KGHMI ethics committee detailing a potential civil/criminal conspiracy at Robinson Nevada Mining Company. Circumstantial evidence suggests the company engaged in Intentional Infliction of Emotional Distress to cause a collapse of my mental health immediately after.

    **b.**    July 27, 2023 – John Haynes, part of the KGHMI ethics committee, terminated me in the ambulance immediately following my request for counsel before participating in an investigation.

    **c.**    February 7, 2024 – A charge of discrimination was filed against Robinson Nevada Mining Company for Discrimination (ADA & Sex) and Retaliation. This is the first significant act of protected activity that KGHM Polska Miedz retaliated for.

    **d.**    March 23, 2024 – I submitted a post termination anonymous whistleblower complaint to KGHM Polska Miedz's whistleblower hotline alleging management sanctioned discrimination/retaliation, intimidation of witnesses/whistleblowers, favoritism/nepotism at the highest levels of management, the cover up of a near fatal mine accident, and suspicious accidental deaths. I explicitly asked for protections concerning my identity. This was the second significant act of protected activity that KGHM retaliated for.

    **e.**    April 5, 2024 – I discovered KGHM Polska Miedz left me a message on their whistleblower platform that provided an email address to provide additional information. I sent an email via my anonymous email address for them to request any additional information they required for the investigation.

    **f.**    May 29, 2024 – Without asking me a single question or requesting a single document, KGHM sent me a message to my anonymous email address to inform me that they closed the case. A good faith investigation never took place.

    **g.**    July 26th, 2024 – After downloading Parson, Behle, and Latimer's position statement in response to my submitted EEOC charge of discrimination, I realized that I had my identity exposed by KGHM Polska Miedz to the subsidiary's counsel. Two sentences

from my whistleblower document were completely removed from highly relevant context to paint me as a hazard in the workplace and potentially violent. These statements were purely defensive in nature considering the significant trauma I endured from blowing the whistle the first time. This is a significant materially adverse action taken in response to protected activity.

h.    June 18, 2025 – After multiple FOIA appeals and battling with the EEOC FOIA department, significant information that was concealed from me was finally revealed. In opposing counsel's opening statement to the EEOC, they directly painted me as hazard to other employees to justify hiding significant defamatory statements made against me by several employees at Robinson. I could have provided material evidence to prove they were defamatory. Statements directly from my whistleblowing document were used to support this narrative and justify hiding significant evidence that I could have provided an effective response for. I also saw evidence of potential fraud.

### First Claim

(Name the law or right violated: Civil Rights act of 1964 Title VII (Retaliation) and NRS 613.340) (Name the defendants who violated it: KGHM Polska Miedz) [Explain briefly here what the law is, what each defendant did to violate it, and how you were harmed. You do not need to make legal arguments. You can refer back to your statement of facts.]

8. **Prima Facie Elements:** The prima facie elements required to prove retaliation are engagement in protected activity, a materially adverse action, and causal connection.

a.    I engaged in two significant acts of protected activity prior to the retaliation by KGHM Polska Miedz (Sec. 7(c,d)). One was the submission of the charge of discrimination against their subsidiary, and the other was submitting a whistleblower complaint detailing management sanctioned discrimination and retaliation among other serious violations of company policy and of the law.

b.    The materially adverse actions taken was the exposure of my identity from an anonymous whistleblower document to gain an advantage during a EEOC charge

investigation. Opposing counsel also used statements from my whistleblower document devoid of the highly pertinent context to attack my character and credibility in front of the EEOC and US District Court proceedings. In my opinion, this strategy has been extremely effective in prejudicing tribunals against me that resulted in the dismissal of my charge without probable cause, granting emergency motions to stay discovery, and potentially dismissal of my court case with prejudice. Reasonable people would be significantly discouraged from engaging in protected activity due to these materially adverse actions.

c. The retaliation occurred in direct response to the filing of my charge as my identity was exposed during the investigation of that charge. The retaliation also would have never occurred without the submission of my good faith anonymous whistleblower document that was engaging in protected activity. The causal connection can't be any clearer.

d. I suffered significant emotional distress due to the retaliation. The dismissal of my charge without probable cause likely hindered my ability to obtain counsel for a highly complex court case. I have had to file as a Pro Se litigant as a result which has caused significant distress in submitting an effective complaint to US District Court. The significant attacks on my character and credibility by opposing counsel is also significantly distressing. I will likely never be able to work in mining again due to these attacks. I have reason to believe that these attacks have been prejudicial to justice.

**DEMAND FOR RELIEF**

[State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount, or describe the different kinds of harm caused by the defendant.]

**15. My demand for relief will be financial. I had communicated in my complaint that I wasn't interested in money and would absolve the company of liability if they stepped in and**

**did the right thing. Having to take my case this far no longer makes that an option. The state statute under NRS 613.432 for violations of NRS 613.330 and 613.340 should also be assessed in addition to the federal violations. Many of the damages assessed will likely hinge on the outcome of court case 3:25-cv-00055 as double recovery should be precluded from relief assessed.**

    **a.** Back Pay – 8 months of pay while I was out of work. Considering the continuing violations from retaliation, I will contend that the pay should be at the compensation amount of a Chief Geologist in March of 2021. I was on unemployment insurance most of the time which clearly demonstrates an active work search history. I should also receive back pay for the disparity in compensation for a Chief Geologist from March 2021 – July 27, 2023.

    **b.** Front Pay – The pay disparity between my current job and my former job is significant. I must stay so many years in federal service to obtain time-linked benefits. I will likely stay at least 3 years to receive competitive status benefits. Considering the malicious nature of the false claims, my desire to potentially unionize Robinson, my desire to stay in Ely to take care of aging parents, and the harmful nature of taking litigation to your employer, I will never work a high paying mining job again. Front Pay like Back Pay should be calculated according to the Chief Geologist's compensation due to retaliation.

    **c.** Emotional Distress – Damages for emotional distress should be assessed. The refusal to follow company policy concerning complaints, the significant attacks on my character and credibility, the distress in having to take a highly contentious complex case to court as a Pro Se litigant, the complete lack of support after engaging in protected activity, and the distress of being out of work for 8 months.

    **g.** Punitive Damages – No employee of KGHM Polska Miedz should have to fear materially adverse actions being taken when engaging in protected activity. An example needs to be set that all good faith complaints should be investigated, and retaliation should never be condoned. This behavior warrants punitive damages under

federal law (with caps) and Nevada's NRS 42.005, due to malice and gross negligence in the handling of my anonymous complaint. Punitive damages will help convince employers to follow the law concerning the civil rights of its employees.

**h.** Filing Fees and Other Associated Fees – I paid $405 to file this case in court. There could also be significant legal fees associated with the case and exorbitant fees required to serve an international company. I will refrain from asking for any service fees including shipping costs if KGHM Polska Miedz makes the choice to waive the service requirements.

## DEMAND FOR JURY TRIAL

*[Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.]*

☒ Plaintiff demands a jury trial on all issues.

Respectfully Submitted,

Date: 10/16/2025        Sign Name: *Brett Wagers*

Print Name: Brett Wagers