

**PARSONS BEHLE & LATIMER**

50 West Liberty Street, Suite 750
Reno, Nevada 89501
Main 775.323.1601
Fax 775.348.7250

A Professional
Law Corporation

Ethan Foster
Attorney at Law
Direct 775.789.6553
EFoster@parsonsbehle.com

June 28, 2024

**HIGHLY CONFIDENTIAL**

_**Via Email and Regular Mail**_
Darlene Turner, Investigator Support Assistant
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Avenue, 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
darlene.turner@eeoc.gov

> Re:    **EEOC Charge No. 550-2023-02831/Brett Wagers**
>         **Advance Letter to Position Statement**

Dear Ms. Turner:

Our firm represents Robinson Nevada Mining Company ("Robinson" or the "Company") and provides this Advance Letter asking that the EEOC not disclose this Advance Letter, the forthcoming Position Statement in response to the above-referenced EEOC charge regarding Brett R. Wagers ("Mr. Wagers"), or its forthcoming responses to the EEOC's Requests for Information, because Mr. Wagers may pose a threat to Robinson's employees.  If the EEOC would like the Company to supply a redacted Position Statement for circulation to Mr. Wagers, the Company will seek to accommodate the EEOC as best it can. The facts summarized below are also available in the forthcoming unredacted Position Statement, but are set forth here to explain the need for Robinson's request for redactions:

On July 19, 2023, about a week before Mr. Wagers's termination, Robinson's HR department received a troubling report from Mr. Wagers's supervisor. The supervisor received a text from Mr. Wagers claiming among other things that another employee "threatened" Mr.

June 28, 2024
Page Two

Wagers if he went to HR, and that "[i]f she denies saying it though, not only did she threaten me, but she lied about it too. I would not feel safe coming into work on Tuesday if she was there." The recipient of this text was not certain how to interpret it:

- Is he afraid for himself, or is it not feeling safe from what his actions could be?

- Is this a person that is working himself up to justify or validate his future action?

- Is my staff safe working with him with odd text full of allegations about fellow staff in the exploration group of our department?

The supervisor thought this was a very odd text and troubling enough to report to HR, and stated that "there is high enough concern that with what I hear from [the other employee] and this odd text that there was chance that he could possibly harm her or someone else or himself."

On February 7, 2024, Mr. Wagers filed his EEOC complaint which is now at issue (the "EEOC Complaint"). On March 23, 2024, Mr. Wagers filed another post-termination complaint to the ultimate parent of Robinson (KGHM Polska Miedź S.A.), insinuating that the Company killed an HR employee "implicated" in his conspiracy plot, and in his concluding paragraph warned: "***I have taken several precautions for my safety and my sources. This information has been shared with multiple individuals in which they were told to distribute to the press in the event of my untimely death. I fully intend to defend myself and/or property with lethal force if necessary***." (Emphasis added.)

It is Mr. Wagers's pre-termination instability, followed by his post-termination threat of "lethal force if necessary," that makes the Company deeply concerned for the safety of its employees.

2

June 28, 2024
Page Three

Robinson is stuck between its desire to be fully candid with the EEOC and its concerns that revealing the names and statements of witnesses and other employees at Robinson to Mr. Wagers may place targets on their backs. Therefore, to protect its personnel, Robinson respectfully requests that the EEOC not disclose this Advance Letter, the forthcoming Position Statement, or the Company's forthcoming responses to the EEOC's Requests for Information. In particular, Robinson requests that the EEOC not share witness statements and witness interviews with Mr. Wagers.

Of course, the Company wishes to assist EEOC in resolving this matter as safely and effectively as possible and will cooperate fully. Robinson is therefore amenable to supplying a redacted version of the Position Statement on request, with the understanding that the Position Statement it intends to supply after this Advance Letter, in its current form, is designed to give the EEOC greater transparency into the basis for Robinson's conclusions.

If you have any further questions or concerns, please don't hesitate to contact me directly at efoster@parsonsbehle.com.

Sincerely,

PARSONS BEHLE & LATIMER

Ethan Foster

Ethan Foster

EJF/nah

3



**PARSONS BEHLE & LATIMER**

50 West Liberty Street, Suite 750
Reno, Nevada 89501
Main  775.323.1601
Fax  775.348.7250

A Professional
Law Corporation

Ethan Foster
Attorney at Law
Direct  775.789.6553
EFoster@parsonsbehle.com

July 5, 2024

**HIGHLY CONFIDENTIAL**

*Via Email (darlene.turner@eeoc.gov)*
Darlene Turner, Investigator Support Assistant
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Avenue, 5th Floor West
P.O. Box 36025
San Francisco, CA  94102

> **Re:**    **EEOC Charge No. 550-2023-02831/Brett Wagers**
> **Cover Letter to Position Statement and Responses to RFIs**

Dear Ms. Turner:

As we discussed over the phone last week, our firm represents Robinson Nevada Mining Company ("Robinson" or the "Company"), and we are grateful for your instructions on how to best provide candid and transparent material to the EEOC while providing redacted materials for circulation to Mr. Wagers that are designed to both give Mr. Wagers maximal insight into the substance of the Company's responses which simultaneously protecting the Company and its employees.  **Please do not circulate this Cover Letter to Mr. Wagers**: not only has he exhibited unstable behavior and provided implicit threats of violence, his demonstrated propensity for conspiracy theories gives the Company concern that if he is made aware of the existence of redactions, he will misinterpret that fact in furtherance of his conspiracy theory rather than as an attempt to protect Robinson's employees.  Nevertheless, as you requested, this Cover Letter provides an explanation of the materials enclosed herewith, including an identification of which documents are redacted and safe for circulation to Mr. Wagers, and a brief explanation of the

July 5, 2024
Page Two

approach our office has taken to redacting materials, including an identification for your office of the John and Jane Does provided in the redacted position statement.

*First*, please find below a table identifying what we are uploading and their intended recipients (with the only two documents identified as safe for Mr. Wagers highlighted in green):

| Order of Submission | Document Name | Purpose | Recipients |
|---|---|---|---|
| 1 | 0. Cover Letter to EEOC re Charge No. 550-2023-02831 | To provide the EEOC insight into the name, purpose, and audience of each document | **EEOC Only** |
| 2 | 1. Position Statement re Charge No. 550-2023-02831 | To provide the EEOC and Mr. Wagers as complete a version of the Position Statement as possible without risking danger or disclosing overly sensitive materials. | **EEOC and Mr. Wagers** |
| 3 | 2. Exhibits to Position Statement re Charge No. 550-2023-02831 | To provide the EEOC and Mr. Wagers a redacted set of supportive materials for Robinson's position, with certain sensitive materials redacted. | **EEOC and Mr. Wagers** |
| 4 | 3. Confidential and Unredacted – Position Statement re Charge No. 550-2023-02831 | To provide the EEOC full insight into the Company's response, complete with sensitive materials. | **EEOC Only** |
| 5 | 4. Exhibits to Confidential and Unredacted – Position Statement re Charge No. 550-2023-02831 | To provide the EEOC full documentary support for Robinson's position, including sensitive materials | **EEOC Only** |
| 6 | 5. RFI Responses re Charge No. 550-2023-02831 | To provide full responses to the EEOC's RFIs | **EEOC Only** |
| 7 | 6. Exhibits to RFI Responses re Charge No. 550-2023-02831 | To provide documents requested in the EEOC's RFIs, with redactions for privilege and confidentiality designations marked. | **EEOC Only** |

2

July 5, 2024
Page Three


*Second*, Robinson's approach to redactions has been to provide as much as can safely be supplied to Mr. Wagers, with a few name and phrase changes to protect identities, without an indication of redactions.  The reason for not flagging redactions in these documents is, as explained above, because Mr. Wagers has shown a propensity for devising conspiracy theories, and Robinson is concerned that if it reveals the presence of redactions, such indicia will intensify his paranoia. Thus, the version deemed safe for circulation to Mr. Wagers was modified from the original by (i) omitting sensitive citations, (ii) inserting the use of John and Jane Does where appropriate, (iii) modifying a few phrases to protect the identities of key employees, and (iv) changing the Exhibits list as shown in the below visual:

| Exhibit | Document | Bates Range |
|---|---|---|
| 1 | B. Wagers Seventh Complaint (to KGHM Polska Miedź S.A.) | KGHM_000003–06 |
| 2 | KGHM International Ltd. Violence, Discrimination & Harassment Policy | KGHM_000007–09 |
| 3 | KGHM Group Anti-Mobbing, Anti-Harassment and Anti-Discrimination Procedure | KGHM_000010–23 |
| 4 | KGHM Employee Handbook | KGHM_000024–86 |
| 5 | B. Wagers First Complaint | KGHM_000102–109 |
| 6 | B. Wagers 2021 Performance Reviews | KGHM_000087–98 |
| 7 | 2021 Chief Geologist Job Posting | KGHM_000380–84 |
| 8 | M. Beres Notes on Job Posting | KGHM_000426–28 |
| ~~9~~ | ~~HR File of Statements and Interviews Taken~~ | ~~KGHM_000110–26 and KGHM_000140–42~~ |
| ~~10~~ | ~~KGHM Internal Investigation Report~~ | ~~KGHM_000416–34~~ |
| 9~~11~~ | B. Wagers Informal Complaints | KGHM_000437–40 |
| ~~12~~ | ~~J. Hirt Record of Discussion with B. Wagers on 7/18/23~~ | ~~KGHM_000347–48~~ |
| ~~13~~ | ~~J. Hirt Incident Report~~ | ~~KGHM_000322–24~~ |
| 10~~14~~ | B. Wagers Fourth Complaint | KGHM_000436 |
| 11~~15~~ | B. Wagers Fifth Complaint | KGHM_000143–45 |
| 12~~16~~ | B. Wagers Texts to J. Hirt on 7/24/23 | KGHM_000359–60 |
| 13~~17~~ | J. Haynes Attempts to Contact B. Wagers | KGHM_000365 |
| 14~~18~~ | M. Sawicka Attempts to Contact B. Wagers | KGHM_000435 |
| 15~~19~~ | B. Wagers Termination Documents | KGHM_000313–21 |

3

July 5, 2024
Page Four

To the extent the EEOC would appreciate a list of the identities of the John and Jane Does represented in "1. Position Statement re Charge No. 550-2023-02831," they are as follows:

| John Doe 1 | Jake Hirt |
|---|---|
| John Doe 2 | Mark Beres |
| Jane Doe 1 | Brenda Hewitt |
| Jane Doe 2 | Heather Gloeckner |

The Company wishes to assist EEOC in resolving this matter as safely and effectively as possible and will continue to cooperate fully.  If the EEOC has any concerns about the approach taken by Robinson, our only request would be that the EEOC contact our office first before disclosing any materials designated as Confidential or Highly Confidential, to give Robinson an opportunity to provide any further materials or revisions as necessary.  To the extent the EEOC has any questions or concerns about the documents supplied today, please don't hesitate to contact me directly at efoster@parsonsbehle.com.

Sincerely,

PARSONS BEHLE & LATIMER

Ethan Foster

EJF/nah

4