UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRETT ROBERT WAGERS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KGHM POLSKA MIEDZ,<br><br>　　　　　　　Defendant. | Case No. 3:25-CV-00432-MMD-CLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR SERIVCE OF PROCESS**<br><br>[ECF No. 16] |

　　　Before the Court is Plaintiff Brett Robert Wagers' ("Wagers") motion for extension of time for service of process. (ECF No. 16.) The motion concerns Wagers' unsuccessful efforts to serve Defendant KGHM Polska Miedz ("KGHM"), located in Poland. (*Id.*) For the reasons discussed below, the Court grants Wagers' motion for extension of time for service of process.

　　　Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity. It states that service may be accomplished "in any manner prescribed by Rule 4(f) for serving [an individual in a foreign country], except personal delivery under (f)(2)(c)(i)." Rule 4(f) provides that service on an individual in a foreign country may be accomplished:

(1) By any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) If there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

　(A) As prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

　(B) As the foreign authority directs in response to a letter rogatory or letter of request; or

　(C) Unless prohibited by the foreign country's law, by:

      (i) Delivering a copy of the summons and of the complaint to the individual personally; or

      (ii) Using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) By other means not prohibited by international agreement, as the court orders. Fed. R. Civ. P. 4(f).

Thus far, Wagers has attempted to serve KGHM via methods of service authorized under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("the Hague Convention") pursuant to Rule 4(f)(1). (ECF No. 16.) However, Wagers has been unable to effect service and now asks for an extension of the deadline to serve KGHM. Wagers represents that service through the Hague Convention "routinely requires three to six months" and thus asks for the deadline to be set on July 1, 2026.

Good cause appearing, the Court grants Wagers' request to extend the deadline to serve KGHM to July 1, 2026. However, the Court notes that is a significant extension of time and the Court will not grant further extensions absent extraordinary circumstances.

**IT IS THEREFORE ORDERED** that Wagers' motion for extension of time to effect service of process, (ECF No. 16), is **GRANTED**.

**IT IS FURTHER ORDERED** that the deadline to serve Defendant KGHM is extended until **Wednesday, July 1, 2026**.

<u>**No further extensions of time will be granted absent extraordinary circumstances**</u>.

**DATED**: <u>December 29, 2025</u>.

                                        **UNITED STATES MAGISTRATE JUDGE**